UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRET SPENCER,<br><br>   Plaintiff,<br><br>   v.<br><br>SHORELINE COLLEGE, et al.,<br><br>   Defendants. | Case No. C23-969RSM<br><br>ORDER OF DISMISSAL |

This matter comes before the Court *sua sponte*. *Pro se* Plaintiff Bret Spencer has been granted leave to proceed *in forma pauperis* in this matter. Dkt. #5. The Complaint was posted on the docket on July 13, 2023. Dkt. #6. Summonses have not yet been issued.

On July 14, 2023, the Court issued an Order to Show Cause why this case should not be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Dkt. #8. On September 13, 2023, Mr. Spencer submitted a respectful and carefully worded Response letter. Dkt. #9. The Court has reviewed that response and has concluded that this case should be dismissed as frivolous.

As the Court previously noted, Mr. Spencer's Complaint lacks the formatting of a traditional pleading. The named Defendants are Shoreline College, Melanie Meyer, Mary Burroughs, Moriah Shistle, Tricia Lovely, the Department of Education, and the State of Washington. Dkt. #6 at 1. Mr. Spencer indicates that the Court has federal question

ORDER OF DISMISSAL - 1

jurisdiction, citing the 1st, 4th, 5th, and 14th amendments, as well as Title IX, the Civil Rights Act of 1965, the Family Educational Rights and Privacy Act ("FERPA"), The Occupational Safety and Health Act ("OSHA"), the Clery Act, the Americans with Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA"), the Federal Tort Claims Act, two state regulations, and a state statute. *Id*. at 1–2.

The Complaint does not set forth the facts with any clarity, nor does it clearly connect alleged violations of law with the actions of Defendants. The Court understands that Mr. Spencer was a student at Shoreline College where the individual Defendants work. He accuses Defendant Melanie Meyer of "[v]iolations of contract, due process, privacy, free speech, student safety, civil and ethnicity right, government ethics, accountability and misconduct, gross and severe negligence." *Id*. at 2. Ms. Meyer must be an instructor, because she is accused of having a "double standard" and discriminating and intentionally harassing Plaintiff when she "insisted that her database course was required when at the time [Plaintiff] was admitted, he had already completed the quantitative thinking requirement passing the much more involved, difficult and useful, MS Access course with the schools [sic] certified MS Instructor, received an 'A,' when meyer [sic] course was only added to curriculum because most all other students couldnt [sic] pass and struggled with MS Access course." *Id* at 3. Ms. Meyer "recklessly and in gross negligence and in gross negligence [sic] required a poor student to do several times, several times [sic] more lab assignment work then [sic] others and at time [sic] when she was directly violating mandates from the school presidency office to specifically not do this!!" *Id.*

The allegations against Ms. Meyer continue in this fashion. These facts are not connected in any logical way to the violations of the U.S. Constitution or federal statutes cited

ORDER OF DISMISSAL - 2

previously. These facts do not show violations of contract or tort law. Rather, it appears that Plaintiff simply disagrees with Defendants about how the school runs itself and awards credits for coursework. At one point Plaintiff pleads that Ms. Meyer "violated 1st, 4th 4th and 14th amendments, due process and all of the contractual agreements, freedoms of expression that did infact [sic] meet every professional standard she herself rushes to point to [sic] hold students accountable. She then selectively applies them to excert [sic] the destruction of innocent dedicated but targeted students. The fact that she violated these federal and constitutional rights towards some very few and not to others was clearly an act of discrimination." *Id*. at 4. These sentences are entirely conclusory—they include no details as to *how* these laws were violated. Mr. Spencer does not allege how he was discriminated against in violation of applicable law.

Mr. Spencer deals with the other named Defendants in turn. Tricia Lovely allegedly violated the same set of laws ("[v]iolations of contract, due process, privacy, free speech, student safety, civil and ethnicity right, government ethics, accountability and misconduct, gross and severe negligence") but appears to have been an internal investigator working on Plaintiff's claims against Defendants. Mr. Spencer fails to explain how an internal investigator's conclusions could establish personal liability. The chronological progression of events—getting a bad grade, appealing that bad grade, an internal investigation, a report is generated, the school issues conclusions—is not presented in the Complaint.

Mary Burroughs allegedly violated the same set of laws ("[v]iolations of contract, due process, privacy, free speech, student safety, government accountability, civil right, gross and severe negligence"). *Id*. at 8. Ms. Burroughs appears to have been some kind of supervisor above Ms. Meyer. *See id.* (she "[h]ad a sacred charge to objectively evaluate whether Meyer had an unclear or incomprehensible grading system and had a document right in front of her

ORDER OF DISMISSAL - 3

showing several labs were submitted 8 times and yet the rubric given to her by Meyer did not reflect any 8 time submissions and yet Burroughs could not ascertain that Meyer [sic] grading system as unclear or incomprehensible."). Mr. Spencer fails to explain how any of these allegations could establish personal liability or why these allegations are in federal court.

Moriah Shistle is accused of violating contract, due process, privacy, student safety, government accountability and negligence laws. *Id*. at 10. She also must have been in some kind of supervisory role, because she allegedly did not follow the school's policies regarding grade grievances. *Id*. She allegedly "did not observe disability law nor help with any disability even when it was specifically requested…" *Id*. It is not clear what disability Plaintiff alleges he has, how that disability was communicated to Defendants, or how Ms. Shistle faces personal liability.

Shoreline College allegedly violated Mr. Spencer's First Amendment rights when "the class and teachers repeatedly expressed opinions on socialized medicine…. We were constantly asked to affirm support for the Affordable Care Act…. We were not given options to abstain from comment and were pressured to validate the teacher expressed opinion or receive low or incomplete marks from [sic] for the discussion or opinion exercise…. To what extent the teacher took offense and then later used this as grounds to target and selectively make problems for [Plaintiff] is worthy of consideration." *Id*. at 11. Shoreline College allegedly violated Mr. Spencer's civil rights when he was "severely reprimanded" for asking if another student spoke Spanish. *Id*. His privacy was violated by Shoreline College in various frivolous ways. *See id*. at 11–12. At one point Mr. Spencer mentions he has "an arthritis handicap" and asked for help with "painful typing," but alleges that his privacy was violated by the school asking for him to share information about this with the accessibility department. *Id*.

ORDER OF DISMISSAL - 4

Under Section IV, "Relief," Mr. Spencer states he "had this big plan of using my long established work history and experience as an engineer and working with IT systems to get this certification and then do medical and medical disease tracking blockchain research. Once working, I had this plan to pay back social security…." *Id*. at 15. Mr. Spencer connects this to his retirement plans, and his various other health issues. He discusses how his failure to graduate has ruined all of this. He states "[i]f one does the numbers for not being able to buy back and then missing those retirements and the added benefit month after month, it adds up to more and far more than >$75000." *Id*. at 16.

The Court will dismiss a Complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

The Court warned Mr. Spencer that his Complaint appears to suffer from deficiencies that require dismissal. Dkt. #8 (citing 28 U.S.C. § 1915(e)(2)(B)). The Court asked Mr. Spencer to "write a short and plain statement (1) summarizing what happened to him in chronological order with dates, (2) explaining how Defendants' actions violate the cited laws in greater detail and how each of the Defendants is personally liable, and (3) how Defendants' actions proximately caused the alleged harms." *Id*.

In his Response, Mr. Spencer does not clearly summarize what happened to him in a chronological fashion. *See* Dkt. #9. There are no dates for any of Defendants' actions. He does not explain how Defendants violated the cited laws in any detail, how the individual Defendants are personally liable, or how they caused the alleged harms. He does not mention his causes of action. Mr. Spencer asks for more time to respond but does not provide good

ORDER OF DISMISSAL - 5

cause for such a request. He raises many tangential issues, such as discovery and FOIA requests. In sum, he fails to respond to the Court's questions.

The Court understands that Mr. Spencer believes Defendants discriminated against him or otherwise treated him unfairly. However, to file a lawsuit in federal court, he must submit a Complaint stating, in a short and plain way, key factual details including what happened to him and when, and how Defendants' actions violated federal laws, and how Defendants could be personally liable for those actions. Mr. Spencer has given no indication that he is capable of amending his Complaint to correct these deficiencies. The Court concludes that this action is frivolous and fails to state a claim upon which relief can be granted.

Accordingly, the Court hereby ORDERS that Plaintiff's claims are DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B). This case is CLOSED.

DATED this 14th day of September, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER OF DISMISSAL - 6