UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRET SPENCER,<br><br>  Plaintiff,<br><br>  v.<br><br>SHORELINE COLLEGE, et al.,<br><br>  Defendants. | Case No. C23-969RSM<br><br>ORDER RE: LATE FILING OF SECOND SHOW CAUSE RESPONSE |

This matter comes before the Court *sua sponte*. *Pro se* Plaintiff Bret Spencer was granted leave to proceed *in forma pauperis* in this case. Dkt. #5. The Complaint was posted on the docket on July 13, 2023. Dkt. #6. Summonses were not issued.

On July 14, 2023, the Court issued an Order to Show Cause why this case should not be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Dkt. #8. The Court ordered Plaintiff to file a response no later than September 15, 2023, not to exceed six pages, with no additional pages as attachments. *Id*. On September 13, 2023, Mr. Spencer submitted a respectful and carefully worded Response letter beginning with the sentence, "I wish to thank you for opportunity to 'show cause' and better establish the reasons for this grievance and apologize for any confusion or lack of clarity in existing complaint." Dkt. #9. The Court reviewed that Response,

ORDER RE: LATE FILING OF SECOND SHOW CAUSE RESPONSE - 1

concluded that this case should be dismissed as frivolous, and issued an Order of Dismissal on September 14, 2023. Dkt. #10. The case was closed.

On September 18, 2023, Mr. Spencer filed a "Response to Order to Show Cause." Dkt. #11. This additional filing, six pages, was filed without leave of the Court and fails to state good cause for: 1) supplementing the prior Response, 2) being filed after the deadline, or 3) responding after the Court had issued its Order dismissing the case. The following day Mr. Spencer filed a letter addressing the timing of his supplemental Response. Dkt. #12.

The Court has reviewed these new materials and concludes that Mr. Spencer did not have good cause for filing a second untimely Response or an additional letter and that even if the Court were to consider them, nothing contained therein alters its prior findings and ruling dismissing this case.

The Court will dismiss a Complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

The Court warned Mr. Spencer that his Complaint appears to suffer from deficiencies that require dismissal. Dkt. #8 (citing 28 U.S.C. § 1915(e)(2)(B)). The Court asked Mr. Spencer to "write a short and plain statement (1) summarizing what happened to him in chronological order with dates, (2) explaining how Defendants' actions violate the cited laws in greater detail and how each of the Defendants is personally liable, and (3) how Defendants' actions proximately caused the alleged harms." *Id*.

In neither Response does Mr. Spencer clearly summarize what happened to him in a chronological fashion. In the second Response certain dates have been dropped into Mr. Spencer's stream-of-consciousness writing. For example, Mr. Spencer states, in a single

sentence, "knowing student has issues with TBI stress sessions and joint arthritis, while completely ignoring schools repeated admonition to work with students to get through Spring 2020, only escalated suffering, sent documents to boarded-up delivery buildings, barred registration/graduation and 12 Feb 2021 explained to much-trying student here, he had been expelled from program, even though student didnt [sic] see her unfounded grounds with no appeal options, until well afterward, when title ix office finally provided a copy , Sir." Dkt. #11 at 2.  In attempting to figure out what Mr. Spencer has alleged against each Defendant, the Court has reviewed such paragraphs as:

> ----Shoreline College, Unnamed; Complaint:page [sic] 11 dates: ~Jan 2018 to June 2020: 1st, 4th, 14th Amendments, Clery Act, FERPA Act; rights of speech, privacy and equal protection under law, requirement to provide competency, adequate process and graduation (see Washington State law referenced):
> 
> 1-Often asked to comment on Affordable Care Act/type and to what extent insured and related sensitive subjects disclosing economic/dependency status, where comment consensus was often in contravention to my own travel and experience, there was no option to refrain and pass exercise, which in addition to privacy violation only created some atmosphere of non-acceptance/inclusion with other students.
> 
> 2-During some classes and particularly during May/June 2020, after having been subject to seeming severe stress/hardship during Virus and city riots and the extreme careless negligence and T Meyer double standard inattentive treatment, while being required to appraise publicly her class and trying desperately not to relay her complete error, none-the-less Meyers took some severe offense, resulting in targeted harassment, misrepresentation of both truth/her negligence and expulsion from the program. (see T Meyers)….

*Id.* at 4. Mr. Spencer's alleged damages or harms are not addressed in the second Response but are left for the supplemental letter filed the following day. *See* Dkt. #12 at 1.

ORDER RE: LATE FILING OF SECOND SHOW CAUSE RESPONSE - 3

The Court concludes from reading this second, untimely Response that Mr. Spencer cannot explain how Defendants violated the cited laws in adequate detail, how the individual Defendants are personally liable, or how they caused the alleged harms. He raises many tangential issues indicating that, in the Court's opinion, this case is frivolous.

The Court finds that Mr. Spencer does not have good cause to submit multiple responses to the Court or to submit them after the deadline. Mr. Spencer's supplemental letter indicates that he had difficulty uploading to the CM/ECF system on Friday, September 15, 2023. The Court is not aware of any technical issue affecting that system on that day; Mr. Spencer's untimely Response was not submitted the next day or even early Monday but was in fact submitted at 11:58 PM on Monday September 18, 2023.

The Court understands that Mr. Spencer believes Defendants discriminated against him or otherwise treated him unfairly. However, to file a lawsuit in federal court, he must submit a Complaint stating, in a short and plain way, key factual details including what happened to him and when, and how Defendants' actions violated federal laws, and how Defendants could be personally liable for those actions. Mr. Spencer has given no indication that he is capable of amending his Complaint to correct the above deficiencies. The Court concludes that this action is frivolous and fails to state a claim upon which relief can be granted.

Accordingly, the Court continues to find that Plaintiff's claims are properly dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). This case remains CLOSED.

DATED this 25th day of September, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER RE: LATE FILING OF SECOND SHOW CAUSE RESPONSE - 4